**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                  CASE NO. 8:05-CIV-1086-T-17-MAP

ELIZABETH A. JACOB,

    Defendant.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

    The cause is before the Court on plaintiff's motion for summary judgment (Docket No. 13). Although given an opportunity to show cause why this motion should not be granted, the defendant has failed to come forward with an opposition brief to the motion. Therefore, the Court will review, without the benefit of an opposition brief, the motion for summary judgment.

**STANDARD OF REVIEW**

    This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

CASE NO. 8:05-CIV-1086-T-17-MAP

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

CASE NO. 8:05-CIV-1086-T-17-MAP

## FACTS

The following facts are established in the motion for summary judgment and they are unopposed by "pleadings and by .....affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, [which]' designate 'specific facts showing there is a genuine issue for trial." **Celotex**.

  1. Between February 7, 1986 and March 15, 1989, the defendant applied for and was granted four Health Education Assistance, 42 U.S.C. §§ 292f-p (formerly 42 U.S.C. §§ 294-294l), in the amounts of $4,400, $4,607, $1,307 and $3,000, respectively, at variable rates of interest.

  2. Defendant defaulted on her obligations, and her loans were subsequently assigned to the United States Department of Health and Human Services.

  3. On October 3, 2005, the defendant filed an answer denying she owed the debt and raising an affirmative defense of failure to state claim since the plaintiff did not attach copies of the promissory notes. The only other affirmative defense was withdrawn by the defendant.

  4. The promissory notes and certificate of indebtedness have been introduced in this case. (Exhibit A to Motion for Summary Judgment and Exhibit A to Complaint).

## DISCUSSION

The plaintiff has established a *prima facie* case that the defendant is indebted to the government in the amounts claimed through the introduction of the promissory notes and certificate of indebtedness. The defendant is required to come forward with evidence that would prove the nonexistence or extinguishment of the debt or a variance in the payment of the obligation. **United States v Irby**, 517 F.2d 1042, 1043 (5th Cir. 1975). The defendant has failed to come forward with any opposition to the motion for summary judgment and the Court finds no genuine issue of fact exists in this case. Accordingly, it is

CASE NO. 8:05-CIV-1086-T-17-MAP

**ORDERED** that the motion for summary judgment be **granted** and the Clerk of Court is directed to enter judgment for the plaintiff and close this case. The judgment should be in the amount of $51,590.65 ($51,055.28 principal and $535.37 interest, up to September 24, 2004) and interest accrued from September 24, 2004, at the appropriately applied interest rates.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 21st day of April, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record